**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

OLLIE LEE EVANS                                                                     PLAINTIFF

VS.                                                          CAUSE NO: 3:10-CV-124-HTW-LRA

WEXFORD HEALTH SOURCES, INC., ET AL.                                DEFENDANT

**<u>MEMORANDUM OPINION AND ORDER</u>**

THIS CAUSE is before the Court on Motion for Summary Judgment [ECF No. 74] filed

by Defendants Wexford Health Sources, Inc., Dr. Robert Moore, M.D., Nurse Samantha

Gonzalez, R.N., and Nurse Marilyn Alexander Joyner, R.N.  The Court has also considered the

claims against the remaining non-moving Defendants, Dr. Gloria Perry, and Warden Brian

Ladner, who are employees of the Mississippi Department of Corrections, under 28 U.S.C.

§ 1915.

Plaintiff Ollie Lee Evans filed suit against the named Defendants pursuant to 42 U.S.C. §

1983, claiming his constitutional rights were violated due to the medical care he received while

in Defendants' custody.  Submitted with the Motion for Summary Judgment as exhibits were

Plaintiff's medical records [Exhibit A, ECF No. 76, pp. 1-178]; the Drill Down Detail Report on

Plaintiff [Exhibit B, ECF No. 74-3]; the Spears hearing transcript [Exhibit C, ECF 74-4]; and, a

medical chronology of Plaintiff [Exhibit D, ECF No. 76].  The Court has considered this

additional evidence in relation to Plaintiff's claims against these Defendants.  Having considered

all the pleadings, Mr. Evans's sworn testimony given at the omnibus hearing, his medical

records, and the applicable law, the Court finds that Defendants' motion is meritorious and shall

be granted.  Further, Plaintiff has failed to state a constitutional claim against the remaining Defendants, and the Complaint shall be dismissed with prejudice as to all Defendants.

**<u>Facts</u>**[1]

Mr. Evans ["Plaintiff"] filed a complaint pursuant to 42 U.S.C. § 1983, alleging that, while Plaintiff was in the custody of Mississippi Department of Correction, Wexford Health Sources, Inc. et. al.["Defendants"], failed to adequately treat his medical conditions.  The various Defendants named in his complaint are all professional or medical staff employed by Wexford Health Sources or the Mississippi Department of Corrections.  Plaintiff further alleged that by failing to provide him with proper medical treatment, the Defendants were deliberately indifferent to his medical needs.

In his complaint and at his omnibus hearing, Plaintiff asserted that he was suffering from sinus congestion, constipation, kidney problems, and hemorrhoids.  Plaintiff argued that Defendants denied him medication to treat these conditions, and despite his request, he was not allowed to see a specialist to x-ray his bowels to determine the cause of his constipation.  Although Plaintiff admitted that he was allowed frequent medical examinations, he contended that improper and inadequate treatment was rendered for these conditions.  According to the Plaintiff, all named Defendants have denied him proper medication and medical exams and each is responsible for his poor medical treatment.

---

[1] The facts are taken from the Plaintiff's complaint and his omnibus hearing and are presented in a light most favorable to him.

**Summary Judgment Standard**

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate when "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). To determine if there is a genuine issue of material fact, the Court must decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). The United States Supreme Court has further held that "entry of summary judgment [shall be appropriate], after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In considering whether there is a genuine issue of material fact, the Court "must view the facts and inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Daniels v. City of Arlington*, 246 F.3d 500, 502 (5th Cir. 2001).

**Legal Analysis**

Plaintiff's § 1983 claim alleging that he received inadequate medical care, while in state custody, is evaluated by the standard set forth under the Eighth Amendment. The United States Supreme Court has held that the "elementary principles [of the Eighth Amendment] establish the government's obligation for those whom it is punishing by incarceration." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). These principles require that the government does not subject a prisoner to "unnecessary and wonton infliction of pain" by showing deliberate indifference to the poisoner's serious medical needs. *Id.* at 105 (quoting *Gregg v. Geogia*, 428 U.S. 153, 173 (1976)).

The deliberate indifference standard requires that the underlying facts of the claim "must *clearly evince* the medical need in question and the alleged official dereliction" and show the Government's actions were "wanton". *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). The Fifth Circuit has held:

> Wantonly means causelessly, without restraint, and in reckless disregard of the rights of others. Wantonness is defined as a licentious act of one man towards the person of another, without regard to his rights; it has also been defined as the conscious failure by one charged with a duty to exercise due care and diligence to prevent an injury after the discovery of the peril, or under circumstances where he is charged with a knowledge of such peril, and being conscious of the inevitable or probable results of such failure.

*Id.* (quoting *Smith v. Wade*, 461 U.S. 30, 39 n. 8 (1983)).

Under this standard, Plaintiff must prove first that Defendants' actions or inactions, viewed objectively, exposed him to a substantial risk, and secondly, that Defendants "were actually aware of the risk, yet consciously disregarded it." *Lawson v. Dallas County*, 286 F.3d 339, 345 (5th Cir. 2006).

Plaintiff alleged that Defendant Dr. Robert Moore acted with deliberate indifference to his complaints of abdominal pain by denying him access to a specialist to perform x-rays. Plaintiff also asserts Dr. Moore failed to examine him for hemorrhoids, chest pain, and kidney problems.

Plaintiff's medical records confirm that Dr. Moore responded to all of Plaintiff's medical issues. After Plaintiff notified doctors of his abdominal pain, Dr. Moore requested that Plaintiff be brought to CMCF for examination. Dr. Moore ordered chest and abdomen x-rays, blood tests, metabolic panels, and an abdominal exam. The test results indicated that Plaintiff had no serious medical problems, and the abdominal and chest pain were caused by constipation. To treat Plaintiff, Dr. Moore issued a stool softener and continued observation. Further, to treat

Plaintiff's hemorrhoids, Dr. Moore gave Plaintiff Tucks Hemorrhoid Cream and Proctozone Hemorrhoid Cream.

Plaintiff next claims that Nurse Samantha Gonzales failed to adequately treat his medical conditions by denying him Milk of Magnesia for constipation and sinus medication for a cold. According to Plaintiff's medical records, he issued a sick call request complaining of constipation and sinus problems. Nurse Gonzales treated Plaintiff's constipation with Milk of Magnesia, but because Plaintiff had no cold symptoms, she did not order any sinus medication. Plaintiff could return, however, if his symptoms worsened. Several days later, Plaintiff returned because his sinus symptoms had gotten worse. Nurse Gonzales evaluated the Plaintiff and found he had a cold. In response, Nurse Gonzales prescribed Guaifenesin, Chlorpheniramine Maleate, and Acetaminophen to treat Plaintiff's cold.

Plaintiff also alleged that Nurse Marilyn Joyner failed to adequately treat his complaints of chest pain, hemorrhoids, and constipation. Plaintiff's medical records show that Nurse Joyner responded to all of Plaintiff's medical conditions. Nurse Joyner issued Milk of Magnesia, Chlorpheniramine Maleate, and Acetaminophen to treat Plaintiff's constipation and chest pains. Nurse Joyner examined Plaintiff on several occasions, and she issued medication and treatment in response to all of Plaintiff's complaints.

Overwhelming evidence in the Plaintiff's medical records indicates that he was frequently seen and treated by Defendants for all of his medical conditions. He may not have been satisfied with the treatment, but he was provided extensive medical care during his incarceration. Case law from the Fifth Circuit confirms that a prisoner is not entitled to his

*choice* of treatments. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006); *Mayweather v. Foti*, 958 F.2d 91 (5th Cir. 1992).

In order for the Plaintiff to succeed on his § 1983 claim, he is required to show that Defendants exposed him to a "substantial risk of serious harm." *Lawson*, 286 F.3d at 262. Plaintiff's cold symptoms and constipation, although uncomfortable, never placed him at substantial risk of serious harm. Further, even if it had, Defendants did not act with deliberate indifference to Plaintiff's medical needs. To rise to the level of deliberate indifference, Plaintiff must prove that Defendants were aware of his medical conditions and "consciously disregarded" them. *Id.* The medical records confirm that Defendants were aware of all Plaintiff's medical complaints, and that Defendants responded to each complaint with a medical examination. Plaintiff was treated and tested with x-rays, blood tests, stool tests; he was given numerous medications to treat his conditions.

Lastly, Plaintiff contends that Wexford Health Sources, Inc. is vicariously liable for its employee's deliberate indifference to Plaintiff's medical needs. The Court finds that Wexford's employees have not acted with deliberate indifference to Plaintiff's medical needs, as the records confirm that each Defendant provided Plaintiff with adequate medical care. For this reason, it is unnecessary to consider whether Wexford is vicariously liable when its employees have not violated Plaintiff's right to medical treatment.

Plaintiff also named Dr. Gloria Perry and Warden Brian Ladner as Defendants. Ladner was the warden and Dr. Perry was the medical director, and both are Mississippi Department of Corrections employees. Plaintiff testified that Dr. Perry "was over all of them" and he wrote her complaining but she did nothing. According to Plaintiff, "[s]he is totally responsible for MDOC

nurses and doctors that sign a contract with them to do the job professionally." ECF No. 74-3, p. 14. Plaintiff also contends that Warden Ladner failed to be certain that the medical staff provided him with adequate medical care.

Because the Court has found that the medical personnel Defendants provided Plaintiff with adequate medical care, no liability could be established against Defendant Perry and Defendant Ladner. Moreover, "[t]here is no vicarious or respondeat superior liability of supervisors under § 1983. *Rios v. City of Del Rio, Tex*., 444 F.3d 417, 425 (5th Cir. 2006). For this reason, the Court finds that Plaintiff's complaint shall be dismissed against Defendants Perry and Ladner for failure to state a claim upon which relief may be granted and as legally frivolous under 28 U.S.C. § 1915(e)(2).

### Conclusion

Having considered the law on these issues, as well as Plaintiff's allegations, the Court holds that his claims have no basis either in law or in fact and, therefore, are frivolous and fail to state a claim on which relief may be granted. For these reasons, the Complaint will be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and(ii), and this dismissal will count as a "strike" under 28 U.S.C.§ 1915(g).

The Court finds that there are no genuine issues of material fact regarding Plaintiff's § 1983 claim. Plaintiff has failed to establish that the Defendants rendered inadequate medical care or that Defendants have acted with deliberate indifference to his serious medical needs. For this reason, the Court concludes that Plaintiff has failed to establish the essential elements of his claim, and Defendants are entitled to judgment at law. Defendants' Motion for Summary Judgment shall be granted. Final Judgment in favor of all Defendants shall be entered.

SO ORDERED, this the 3rd day of April, 2012.

/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE